UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

| | | |
|---|---|---|
| In re: | ) | **Case No. 17-41080-KHS** |
| | ) | Chapter 13 |
| **Sharon Denise Cook,** | ) | |
| | ) | **NOTICE OF HEARING AND** |
| | ) | **APPLICATION FOR** |
| | ) | **PRECONFIRMATION** |
| | ) | **MODIFICATION OF** |
| | ) | **CHAPTER 13 PLAN** |
| Debtor(s). | ) | |

_____

TO:   Gregory Burrell, Chapter 13 Trustee; Daniel McDermott, U.S. Trustee; and any other parties in interest.

   1.   Debtor(s) in the above captioned case hereby serves notice of modification, under Local Rule 3015-2(a), of the chapter 13 plan herein.   A copy of the modified plan is attached hereto.

   2.   The confirmation hearing is scheduled to occur on **November 16, 2017,** at **10:30 a.m.,** or as soon thereafter as counsel may be heard, in **U.S. Bankruptcy Court, Courtroom 8 West, 300 South Fourth Street, Minneapolis, Minnesota.**   This notice is served pursuant to the time requirements of Local Rule 3015-2(a), and Local Rules 2015-2(a) and 3015-3 govern time for parties to serve and file objections to the plan or modified plan.

                              Respectfully submitted,


October 17, 2017                           /e/ Craig W. Andresen
Date                              Craig W. Andresen, #186557
                              Attorney for Debtor
                              2001 Killebrew Dr., Suite 150
                              Bloomington, MN  55425
                              (952) 831-1995

Page 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

Page 1

In re: **Sharon Denise Cook,**                                                                                     ****MODIFIED***
                                                                                                                    **CHAPTER 13 PLAN**

    SSN: **XXX-XX-4646**
    SSN: XXX-XX-                                                                               Dated: **October 9, 2017**

    **Debtor.**                                                                               Case No. **17-41080-KHS**
*In a joint case,
debtor means debtors in this plan.*

**1. DEBTORS PAYMENTS TO TRUSTEE —**

a. As of the date of this plan, the debtor has paid the trustee **$4,400**.
b. The debtor will pay the trustee **$1300** per **month** for **55** months, beginning **November 2017** for a total of **$71,500**. The minimum plan length is **X** 36 or ___ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee **N/A**.
d. The debtor will pay the trustee a total of **$75,900** [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or approximately **$7,590** [line 1(d) x.10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(c)]** — The trustee will promptly pay from available funds only creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|
| a. **None** | $ | | $ |
| b. | $ | | $ |
| c. TOTAL | | | $ |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a. **None** | . |
| b. | . |

**5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| a. **None** | . |
| b. | . |
| c. | . |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates*. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. **Federal National Mtg. Assoc.** | **$27,560** | **$1,170** | **1** | **24** | **$27,560** |
| . | $ | $ | | | $ |
| b. | $ | $ | | | $ |
| c. TOTAL | | | | | **$27,560** |

**7. CLAIMS IN DEFAULT [§ 1322(b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates,. The claims shall be paid as filed, unless the court orders otherwise.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. **Oxbow Creek Assoc.** | **$5,280** | **n/a** | **$1,170** | **25** | **5** | **$5,280** |
| b. TOTAL | | | | | | **$5,280** |

Local Form 3015-1

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or until completion of payments under the plan. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM. SUCH CREDITOR MAY FILE A SECURED CLAIM FOR LESS THAN THE AMOUNT LISTED BELOW AND THE TRUSTEE SHALL THEN PAY THE LESSER AMOUNT. IF NO SECURED CLAIM IS FILED, THEN THE CLAIM SHALL NOT BE PAID AS SECURED.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | (Monthly Payment) | X | (Number of Payments) | = | Payments on Account of Claim | + | (Adequate Protection from ¶3) | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| a. **None** | $ | $ | | | $ | | | | $ | | $ | $ |
| b. | $ | $ | | | $ | | | | $ | | $ | $ |
| c. | $ | $ | | | $ | | | | $ | | $ | $ |
| d. **TOTAL** | | | | | | | | | | | | $ 9. |

**PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under **§ 507**, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ | $ | | | $ |
| b. Domestic Support | $ | $ | | | $ |
| c. Internal Revenue Service | **$31,441** | **$1,170** | **30** | **31** | **$31,441** |
| d. MN Dept. of Revenue | $ | $ | | | $ |
| e. | $ | $ | | | $ |
| f. **TOTAL** | | | | | **$31,441** |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of nonpriority unsecured creditors described as follows: **None.**

The trustee will pay the allowed claims for the following creditors. *All entries below are estimates*.

| Creditor | Int. Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. **None** | | $ | $ | | | $ |
| b. | | $ | $ | | | $ |
| c. **TOTAL** | | | | | | $ |

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9, and 10 their pro rata share of approximately **$4,029** [Line 1(d) minus lines 2, 6(d), 7(b), 8(d), 9(f) and 10(c)].

a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are **$0**.

b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are **$5,450**.

c. Total estimated unsecured claims are **$5,450** [Line 11(a) + Line 11(b)].

**12. TARDILY FILED UNSECURED CREDITORS -** All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11, will be paid to the holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS -** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Property tax claims and income tax claims shall be paid per claim whether filed as priority or secured. All leases of real or personal property by the debtor are hereby assumed pursuant to 11 U.S.C. Sec. 365(a), unless otherwise stated. Property of the estate vests in the debtor upon conversion, dismissal or discharge, whichever comes first. The debtor shall pay to the trustee the amount of any income tax refund received which is in excess of $1,200.00, in a single case, and $2,000.00, in a joint case, not including earned income credit.

**All student loan claims shall be paid through this plan per allowed claim.**

**SUMMARY OF PAYMENTS**

| | |
|---|---|
| Trustee's Fee [Line 2] | **$7,590** |
| Home Mortgage Defaults [Line 6(d)] | **$27,560** |
| Claims in Default [Line 7(b)] | **$5,280** |
| Other Secured Claims [Line 8(d)] | **$0** |
| Priority Claims [Line 9(f)] | **$31,441** |
| Separate Class [Line 10(c)] | **$0** |
| Unsecured Creditors [Line 11] | **$4,029** |
| **TOTAL [must equal Line 1(d)]** | **$75,900** |

*Name, Address, Telephone and License Number of Debtor's Attorney:*

Craig W. Andresen, #186557  /e/  Sharon Denise Cook
2001 Killebrew Dr., Suite 150  DEBTOR
Bloomington MN  55425
(952) 831-1995  /e/  Client Name

Local Form 3015-1  DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re

**Sharon Denise Cook**

Debtor(s).

Case No. 17-41080

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: **October 10, 2017**

X _Sharon Cook_                                X _____
Signature of Debtor1 or Authorized              Signature of Debtor 2
Representative

**Sharon Denise Cook**
Printed Name of Debtor 1 or                     Printed Name of Debtor 2
Authorized Representative

| | |
|---|---|
| In re: | U.S. Bankruptcy Court<br>District of Minnesota |
| **Sharon Denise Cook,** | UNSWORN DECLARATION<br>FOR PROOF OF SERVICE |
| Debtor(s): | Bky. No. **17-41080-KHS** |

    I, <u>Erica J. Gifford</u>, employed by Craig W. Andresen, attorney licensed to practice law in this court, with office address of 2001 Killebrew Dr., Suite 150, Bloomington, Minnesota 55425, declare that on <u>October 17, 2017</u>, the attached **Modified Chapter 13 Plan** shall be served upon the parties listed below by electronic service, upon the electronic filing of this document, pursuant to Local Rule 9006-1(a).   The debtor was served by U.S. Mail at the address listed below.

----------------------------------------------------------------------------------------------------------

<u>SERVED ELECTRONICALLY</u>:
Daniel McDermott, U.S. Trustee
ustpregion12.mn.ecf@usdoj.gov

Gregory A. Burrell
cmecfjzkmn@ch13mn.com


<u>SERVED BY U.S. MAIL</u>
Sharon Denise Cook
10255 Yates Drive North
Brooklyn Park, MN 55443


    I declare, under penalty of perjury, that the foregoing is true and correct.
Executed:  <u>October 17, 2017</u>.              Signed:    /e/   Erica J. Gifford